# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CYNTHIA HEARD,

    Plaintiff,

v.

    Case No. 18-10033

    HON. DENISE PAGE HOOD

T.J. MAXX, INC., and
CLASSIC CONCEPTS, INC.

    Defendants.

_____/

**ORDER DENYING DEFENDANT T.J. MAXX, INC.'s
MOTION FOR SUMMARY JUDGMENT [#33] and
DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION TO SANCTION TJM [#37]**

## I. INTRODUCTION

Plaintiff suffered injuries at Defendant T.J. Maxx, Inc.'s ("TJM") store located in Madison Heights, Michigan, when she sat on a bench manufactured by Defendant Classic Concepts, Inc. ("CCI"), and the bench broke and collapsed. Plaintiff filed suit against TJM in Oakland County Circuit Court on or about November 10, 2017, and TJM removed the case to this Court on January 4, 2018. On January 8, 2018, TJM filed a Notice of Non-Party Fault, identifying CCI, and stipulated to an amendment of the Complaint to add CCI as a party. Plaintiff amended her Complaint several times, and CCI was served with a copy of the Amended Complaint on July 12, 2018.

On June 21, 2018, the dispositive motion deadline for TJM, TJM filed a Motion for Summary Judgment. [Dkt. No. 33] On July 6, 2018, Plaintiff filed a timely response to TJM's Motion for Summary Judgment and a Motion for Sanctions against TJM. TJM has not filed a reply brief regarding its Motion for Summary Judgment, nor a response to the Motion for Sanctions. A hearing on both Motions was scheduled to be heard on Wednesday, August 15, 2018, but the Court has determined that oral argument is not necessary. For the reasons that follow, TJM's Motion for Summary Judgment is denied, and Plaintiff's Motion for Sanctions is denied without prejudice.

## II. BACKGROUND

On February 17, 2017, Plaintiff went to the TJM store located across from the Oakland Mall. Plaintiff was in the furniture department "trying out" a bench for sale. Plaintiff claims that after she sat on the bench, she "went down" and the legs of the bench "spread out" during her fall. The accident report generated after the incident indicates that Plaintiff was in the furniture area, sitting down, and fell when "the leg broke off" of the bench. None of TJM's employees observed the incident. Plaintiff claims to have suffered a wide variety of injuries as a result of her fall, including injuries to her neck, right arm, left knee, and lower back.

Deborah Van Slyke, a customer of TJM on February 17, 2017, testified that she heard Plaintiff telling someone on her cell phone that she was "looking for a bench for

2

her backyard" on the date of the incident. Ms. Van Slyke recalls observing the bench prior to the incident, and she testified that there "[d]idn't seem" to be "anything wrong with it at all" and the bench appeared to be "nice." Ms. Van Slyke testified that she heard a "bang" and noticed that Plaintiff had fallen. Ms. Van Slyke admitted that she was unsure of whether she actually observed Plaintiff falling.

Photographs of the bench at issue may show evidence of a defect at the joint between one of the bench's legs and the body of the bench. The allegedly defective portion of the leg would have been directly connected to the bottom portion of the bench. The manufacturer of the bench was CCI, and the purchase agreement relating to the bench specifically required that all items conform to sample, order specification and standard as to quality, material(s), workmanship, fit and appearance. The Court has not been directed to anything in the record that specifies whether CCI provided the bench to TJM fully constructed or whether TJM was responsible for assembling it.

There is no evidence of prior complaints to TJM regarding the bench and its possible defects, and Plaintiff testified that she was "not . . . sure" why the bench might have collapsed. Plaintiff testified that it "could be dry rot," but she was unable to testify with clarity that she had observed any such condition on the bench. Plaintiff also admitted that she did not know how long the condition might have existed before

the incident or who put the bench together. Before Plaintiff filed her cause of action – but after the incident report was completed – TJM destroyed the bench. As a result, neither Plaintiff nor any expert she might have hired was able to look at and examine the bench, its legs, or any of its other features.

There is no evidence in this case indicating that at any time before February 17, 2017, when Plaintiff chose to sit on the subject bench, that Defendant or any of its related defendants or any of their employees created the dangerous condition of the bench that caused it to fall apart when Plaintiff sat on it. There is no evidence that, before Plaintiff used the subject bench: (1) anyone actually knew about the dangerous condition of the bench; (2) the bench's dangerous condition existed for any specified length of time; or (3) anyone other than Plaintiff ever fell as a result of the bench breaking or that anyone other than Plaintiff ever complained about the bench in any way.

In her Third Amended Complaint, filed on June 19, 2018, Plaintiff alleges that: (a) TJM violated its duty when it failed to inspect and/or warn customers of the defective piece of furniture (the allegations against TJM in the Third Amended Complaint are not new); and (2) CCI violated its duty when supplying the bench at issue to TJM's store. Plaintiff served CCI on July 12, 2018, and CCI filed its answer on July 26, 2018. The Court has not yet set any scheduling dates regarding CCI.

## III. APPLICABLE LAW & ANALYSIS

### A. Rule 56

Summary judgment is appropriate in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of demonstrating that summary judgment is appropriate. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). The Court must consider the admissible evidence in the light most favorable to the nonmoving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

"At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. Any dispute as to a material fact must be established by affidavits or other documentary evidence. Fed. R. Civ. P. 56(c). "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (citations omitted).

Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott*, 550 U.S. at 380.

**B.     Analysis**

    *1.     TJM's Motion for Summary Judgment*

TJM accurately states that Plaintiff has failed to offer any evidence to create a genuine dispute of material fact as to whether: (1) TJM created a dangerous condition when it set on the sales floor the bench that broke when Plaintiff sat on it; or (2) TJM had actual or constructive notice of the existence of any such dangerous condition before Plaintiff sat on the bench. From a purely factual standpoint, and as the case law cited by TJM demonstrates, Plaintiff has failed to proffer evidence sufficient to survive the Rule 56 standard. *See, e.g., Bonner v. Kmart Corp.*, 2014 Mich.App. LEXIS 2542 (2014) (unpublished opinion); *Stovall v. Builders Square, Inc.*, 1996 Mich.App. LEXIS 2083 (1996) (unpublished); *Rose v. McMahon*, 10 Mich.App. 104 (1968). For the reasons that follow, however, the Court denies TJM's Motion for Summary Judgment.

The key piece of evidence in this case is the bench upon which Plaintiff sat on February 17, 2017. At all relevant times – from the time Plaintiff sat on the bench until the present – the bench was or should have been solely within the possession of TJM. As noted above, TJM apparently destroyed the bench prior to Plaintiff filing the instant lawsuit, approximately nine months after the incident occurred. Although there was no pending litigation at the time TJM destroyed the bench, an accident report was completed by TJM personnel at the time of the incident. Dkt. No. 33, Ex. D. As the TJM accident report reflects: (a) TJM was aware at the time of the incident that Plaintiff was injured and intended to seek treatment at an emergency room; (b) the relevant information regarding the bench was recorded; and (c) witness information was included in the accident report.

As Plaintiff argues, a court must be able to make rulings that promote fairness and justice when a party destroys or loses evidence while the evidence is in the possession of that party. In some instances, those rulings are based on a presumption by the Court that the evidence would operate against the party who destroyed or lost the evidence. *See, e.g., Johnson v. Secretary of State*, 406 Mich. 420, 440 (1979); *Hamman v. Ridge Tool Co.*, 213 Mich.App. 252, 255 (1995); *Berryman v. Kmart Corp.*, 193 Mich.App. 88, 101 (1992); *Ritter v. Meijer, Inc.*, 128 Mich.App. 783, 786 (1983). *See generally* Michigan Civil Jury Instruction 6.01.

A court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence, even before litigation is commenced, where the party knows or should know the evidence is relevant. In this case, there was an injury to a customer who indicated she would be going to the emergency room and a bench with a broken leg – a bench that Plaintiff and another customer/witness have stated did not have a broken leg before Plaintiff sat on it. TJM: (1) was in possession and control of the bench; (2) knew or should have known it was a relevant object; and (3) should not have destroyed the bench prior to the applicable statute of limitations period for personal injuries in the State of Michigan.

For the foregoing reasons, the Court holds that the interests of justice and fairness weigh heavily in favor of denying TJM's Motion for Summary Judgment. TJM should not, and cannot, be rewarded for destroying the critical piece of evidence as it relates to liability for Plaintiff's injury. If the Court were to grant TJM's Motion for Summary Judgment, the Court would: (1) be endorsing the destruction of evidence that a party knows or should know could serve as the basis for liability; and (2) encourage a tortfeasor to destroy evidence that could support a tort victim's claim of negligence against the tortfeasor. The Court denies TJM's Motion for Summary Judgment.

2. *Motion to Sanction TJM*

In her Motion to Sanction TJM, Plaintiff asks the Court to default TJM on liability. Plaintiff argues that the appropriate sanction for TJM's destruction of the bench, an action that precludes Plaintiff from being able to produce evidence regarding liability, is to allow TJM to defend only the issue of damages.

In reviewing the record, the Court finds that it is not clear whether the bench manufactured by CCI was provided to TJM fully assembled or whether TJM was responsible for assembling the bench. As discovery involving CCI has not commenced, discovery regarding that issue might have a significant bearing on any determination of liability in this lawsuit. If TJM had no role in the assembly of the bench, the interests of justice and fairness may support a sanction or remedy with respect to TJM's destruction of the bench that is less than defaulting TJM on liability.

Accordingly, the Court denies without prejudice Plaintiff's Motion to Sanction TJM. Plaintiff, if it determines necessary, may file a Motion for Sanctions once the parties (including CCI) have completed discovery.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that TJM's Motion for Summary Judgment [Dkt. No. 33] is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Sanction [Dkt. No. 37]

is **DENIED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that all parties shall appear for a Scheduling Conference on August 27, 2018, at 11:00 a.m.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 20, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 20, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

10